benefit of brief, argument, and study, the consequences of Boykin v. Alabama and to pronounce a Louisiana rule for guilty pleas which we believed to be in compliance with that holding. We stated that rule succinctly and firmly in a unanimous opinion handed down only two months ago. It appears to be a very dangerous jurisprudential process to contravene, by simple writ denial without written reasons, jurisprudence enounced so recently in unanimity after full and deliberate consideration by this entire court. Vacillation by this court in this area will provoke great difficulties in the trial courts' disposition of guilty pleas.

I respectfully dissent from the refusal to grant the writ.

shows that the application in that court for habeas corpus has been acted upon. Hence this application for mandamus is moot. Applicant's right to apply here for review of the ruling on the application for habeas corpus is reserved.

BARHAM, J., and DIXON, J., concur in the denial. Our docket #51,078, 257 La. 446, 242 So.2d 574 has a return by the trial court of a transcript of an evidentiary hearing in response to our order of January 13, 1971. Appointed counsel informed this court in that matter that the review of the trial court denial of the writ after the hearing in response to our order will be sought in this court. That matter is also pending awaiting proper application to this Court for review.

256 So.2d 639

**STATE of Louisiana ex rel. Ronald G. WIKBERG**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary.**

No. 52100.

Feb. 3, 1972.

In re: Ronald G. Wikberg applying for writs of mandamus and habeas corpus.

Writ denied. The Trial Judge's return

256 So.2d 639

**STATE of Louisiana ex rel. Willie Lee WILLIAMS**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary.**

No. 52103.

Feb. 3, 1972.

In re: Willie Lee Williams applying for writs of certiorari, mandamus and habeas corpus.